IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | } | |
| ONSIGHT TECHNOLOGY, L.L.C | } | Case No. 04-41399 |
| | } | Chapter 7 |
| Debtor | } | |
| | } | |
| James S. Percell and National Fuel & Energy, Inc., | } } | |
| | } | |
| Appellants | } | Civil Action No. H-06-0329 |
| | } | |
| Rineco Recycling LLC, DuraTherm Inc., DuraTherm Group Inc., Lowell T. Cage, Chapter 7 Trustee of OnSite Technology LLC | } } } } | |
| | } | |
| Appellees | } | |

MEMORANDUM AND ORDER

Before the Court is a motion to dismiss the appeal. District Court Document (DC Doc.) 2. The Appellants, James S. Percell and National Fuel & Energy, Inc., challenge two orders issued by the Bankruptcy Court of the Southern District of Texas in Cause 04041399. DC Doc. 1. The first order that the Appellants challenged approved the sale of the Debtor's property, including Thermal Desorption Units and patents. Bankruptcy Court Document (BC Doc.) 252. The second order that the Appellants challenged denied a motion for a new trial. BC Doc. 258.

In its order, the Bankruptcy Court approved the sale of certain assets belonging to the Debtor, OnSite Technology LLC, pursuant to 11 U.S.C. Sec. 363(b). BC Doc. 252. Under the terms of the sale, the Debtor released several pending claims against Rineco and DuraTherm. *Id*. at 1, Paragraph A(b) and 2, Paragraph B(a)-(b). The Bankruptcy Court also found that the sale had been negotiated in good faith. Id. at 1.

The Appellees, Rineco Recycling LLC, DuraTherm Inc., DuraTherm Group Inc., Lowell T.

Cage, Chapter 7 Trustee of OnSite Technology LLC, argue that the appeal is rendered moot because the sale has been closed and "[t]he reversal or modification on appeal of an authorization. . .of a sale. . .of property does not affect the validity of a sale. . .under such authorization to an entity that purchased. . .such property in good faith[.]"  11 U.S.C. Sec. 363(m); *Matter of Bleufontaine, Inc.*, 634 F.2d 1383 (5th Cir. 1981).  In fact, they argue that this Court cannot adjust even some of the terms of that sale even if this court's decision would leave the transfer of title itself intact.  *Official Committee of Sr. Unsecured Creditors of First RepublicBank Corp. v. First RepublicBank Corp*., 106 B.R.938 (N.D. Tex. 1989).

   Although this Court agrees that it cannot modify the sale of the Appellees purchased the property in good faith, the Appellants have appealed the finding that the sale was negotiated in good faith.  BC Doc. 263 at 408.  Therefore, this Court would have the ability to reverse or modify the authorization of the sale on appeal if the Appellants demonstrate that the Bankruptcy Court's finding that the sale was negotiated in good faith was clearly erroneous and not supported by substantial evidence.  The Appellees' argument that the Appellants are unlikely to do so is premature.

   Accordingly, the Motion to Dismiss the Appeal is hereby DENIED.

   Signed at Houston, Texas, this 27th day of September, 2006.

_____
Melinda Harmon
United States District Judge